161 N.J. Super. 586 (1978)
392 A.2d 175
COLD INDIAN SPRINGS CORP. ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF OCEAN, ETC., ET AL., DEFENDANTS-RESPONDENTS, AND FRANK LINZMAYER ET AL., ETC., INTERVENING DEFENDANTS-COUNTER-CLAIMANTS-RESPONDENTS, AND DIRECTOR, DIVISION OF LOCAL GOVERNMENT SERVICES, RESPONDENT-INTERVENOR.
HALSTON BUILDERS ASSOCIATES ET AL., PLAINTIFFS-RESPONDENTS,
v.
PAUL R. KRAMER, ETC., DEFENDANT-APPELLANT, AND DIRECTOR, DIVISION OF LOCAL GOVERNMENT SERVICES, APPELLANT-INTERVENOR.
JOHN F. CULP, III, T/A J.D.R. REALTY COMPANY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF MATAWAN ET AL., DEFENDANTS-RESPONDENTS.
CHARLES LUPPINO AND ROSARIO LUPPINO, T/A HAMPSHIRE HOUSE, AND BRUCE SLATER, T/A BIARRITZ APARTMENTS, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF FORT LEE, DOROTHY PAGANO, TAX COLLECTOR, BOROUGH OF FORT LEE AND FORT LEE RENT LEVELING BOARD, DEFENDANTS-APPELLANTS.
INGANAMORT BROS. AND LA SALA BROS., T/A MEDITERRANEAN TOWERS WEST, PLAINTIFF-RESPONDENT,
v.
DOROTHY PAGANO, AS TAX COLLECTOR FOR THE BOROUGH OF FORT LEE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1978.
Decided July 10, 1978.
*587 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Sheppard A. Guryan argued the cause for plaintiffs-appellants Cold Indian Springs Corp. et al. (Messrs. Lasser, Lasser, Sarokin and Hochman, attorneys) (A-1465-77).
Ms. Renee C. Ricciardelli, Hamilton Township Attorney, appeared on behalf of defendant-appellant, Paul R. Kramer, Tax Collector for Hamilton Township (A-1219-77).
Mr. Harry Haushalter, Deputy Attorney General, argued the cause for appellant-intervenor (A-1219-77)/respondent-intervenor (A-1465-77), Director, Division of Local Government Services (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
*588 Mr. Lawrence D. Kantor argued the cause for plaintiff-appellant John F. Culp, III, etc. (Messrs. Kantor and Kantor, attorneys) (A-1385-77).
Mr. Gordon L. Braverman appeared on behalf of defendants-appellants Borough of Fort Lee, Dorothy Pagano, Tax Collector, and Fort Lee Rent Leveling Board (Messrs. Murphy, Ellis and McBride, attorneys) (A-2812-77 and A-2813-77).
Mr. Thomas J. Hirsch appeared on behalf of defendant-respondent Township of Ocean (Messrs. Schaefer, Crawford & Hirsch, attorneys) (A-1465-77).
Mr. Louis B. Youmans argued the cause for intervening defendants, counterclaimants-respondents Frank Linzmayer, et al. (Messrs. Bendit, Weinstock & Sharbaugh, attorneys) (A-1465-77).
Mr. Murray J. Laulicht argued the cause for plaintiffs-respondents Halston Builders Associates et al. (Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher, attorneys; Mr. Gregory B. Reilly on the brief) (A-1219-77).
Mr. Brian T. Campion argued the cause for plaintiffs-respondents Charles Luppino and Rosario Luppino, etc. (Messrs. Breslin and Breslin, attorneys) (A-2812-77).
Mr. Todd M. Sahner argued the cause for plaintiff-respondent Inganamort Bros., etc. (Messrs. Hannoch, Weisman, Stern & Besser, attorneys) (A-2813-77).
No appearance made on behalf of defendants-respondents Borough of Matawan and Township of Aberdeen (A-1385-77).
PER CURIAM.
These consolidated appeals deal with the interpretation and constitutionality of the Tenants' Property *589 Tax Rebate Act, N.J.S.A. 54:4-6.2 et seq. The Cold Indian Springs, Halston Builders Associates, Inganamort Bros. and Luppino cases involve essentially identical issues relating to the interpretation of the term "property tax reduction" in the context or reductions in the 1976 tax assessments due to tax appeal judgments and reductions in 1977 tax assessments partly attributable to the implementation of municipal-wide revaluations. These appeals also attack the constitutionality of the act on due process and equal protection grounds. The fifth appeal, Culp v. Township of Matawan, concerns whether the unbudgeted school aid received by plaintiff in 1977 related to 1976 taxes rather than 1977 taxes for purposes of determining the property tax reduction under the act. The Director of the Division of Local Government Services (Director) is a party-defendant in the Culp case and intervened in the Cold Indian Springs and Halston Builders cases. These three cases have been consolidated with the Inganamort Bros. and Luppino cases.
The Cold Indian Springs case was instituted by plaintiffs, owners of apartment complexes in Ocean Township, Monmouth County, as an action in lieu of prerogative writs against the Township of Ocean and its tax collector. Frank Linzmayer and Eileen Youmans, tenants in the apartment buildings involved in this action, intervened as defendants on behalf of themselves and other tenants. The trial judge's opinion is reported at 154 N.J. Super. 75.
The Halston Builders case was instituted by various owners of garden apartment complexes located in Hamilton Township, Mercer County, who filed a complaint in lieu of prerogative writs against the Hamilton Township tax collector. The trial judge, in an oral opinion, held that
1. The term "property tax reduction" in the act requires landlords to rebate to tenants 65% of all tax reductions attributable to a municipal-wide revaluation of assessments in the 1977 tax year.

*590 2. The term "property tax reduction" does not require landlords to rebate to tenants any portion of reductions due to tax appeal judgments for the 1976 tax year.
3. The term "property tax reduction," as interpreted under paragraphs 1 and 2 above, violates plaintiffs' rights under the equal protection clause.
4. The amount of the property tax reduction to be rebated by plaintiffs to their tenants should be recomputed to exclude reductions due to the revaluation.
The Inganamort and Luppino matters were instituted separately by owners of multiple-story apartment buildings in Fort Lee, Bergen County, who filed complaints in lieu of prerogative writs challenging the computations of the property tax reductions calculated by the Fort Lee tax collector, which computations included tax reductions attributable to a municipal-wide revaluation. These matters were heard together and, in an opinion dated January 24, 1978, the trial judge adopted the decision of Judge Schoch in the Halston Builders case.
The essential facts in the Cold Indian Springs, Halston Builders, Inganamort and Luppino cases are not in dispute. Ocean and Hamilton Townships and the Borough of Fort Lee implemented municipal-wide revaluations for the 1977 tax year. The tax collectors for the municipalities submitted to each plaintiff a certification as to the property tax reduction to be rebated to the tenants under the statute. Such certifications reflected rebates calculated pursuant to the instructions of the Director, which required the inclusion of the tax reductions for the 1977 tax year attributable to a revaluation to be included in the tenants' rebate. No specific proof was presented, however, as to a method for determining the amount of such tax reductions, if any, realized in 1977 by the plaintiffs which could be directly attributable to the implementation of a revaluation.
The Culp matter was instituted by plaintiff, an owner of garden apartment complexes in Matawan Township, Monmouth County, who filed a complaint in lieu of prerogative *591 writs naming the township and the State as defendants. The complaint demanded that the Matawan Township tax collector recompute the property tax reduction so that the unbudgeted school aid payment received by plaintiff in 1977 be credited to the 1976 tax year rather than the 1977 tax year for purposes of calculating the reduction. Judge Lane, in an oral decision, affirmed the calculations made by the tax collector and held that the 1977 unbudgeted school aid was properly credited to reduce plaintiff's 1977 property taxes.
These landlords were required by the local tax collectors to pass on to their tenants tax savings resulting from a municipal-wide revaluation of real estate. N.J.S.A. 54:4-6.4 provides that "An owner of qualified real rental property shall provide a property tax rebate to the tenants thereof as provided in this act for each tax period in which he receives a property tax reduction." Originally, "property tax reduction" was defined in § 6.3 as the amount of property tax reduction "attributable solely to the State aid received during the tax period from the State Aid For Schools Fund established in N.J.S. 54A:9-25." This was significantly modified, however, and "property tax reduction" now means "0.65 times the difference between the amount of property tax paid or payable in any year on any qualified real rental property * * * and the amount of property tax paid in the base year * * *." Excluded from the definition are reductions resulting from judgments entered by county boards of taxation, the Division of Tax Appeals or by courts of competent jurisdiction. Specifically included are rebates or refunds of school property taxes.
We find the alteration to have been purposeful and the tax reduction resulting from the revaluation clearly encompassed by the language of the statute. What the Legislature must have taken into account here was the fact that many of the rental increases which were borne by the tenants in years past were the direct result of tax increases. Hence, where a reduction is conferred upon the property owner, the *592 Legislature deemed it appropriate to pass on at least part of that relief to the tenants. If, as plaintiffs argue, the Legislature intended only to rebate those reductions resulting from tax reform legislation, it seems to us that it would have been unnecessary for the Legislature to amend the statute in 1977 as it did. The present statute is much broader in its scope, and specifically excepts only those reductions which resulted from tax appeals pursued by the landowners. Also, as Judge Lane explains in his reported opinion, the statute anticipates elimination of the distortion in property values brought about by long-standing reliance upon real property taxation as a source of government funding. With the advent of the income tax (paid equally by tenants as well as landlords) it was expected that there would be a stabilization in such values and consequent tax relief to the landowners.
We affirm the judgment of the Law Division in A-1465-77 (Cold Indian Springs) and reverse the judgments in A-1219-77, A-2812-77, and A-2813-77 (Halston Builders, Luppino, and Inganamort Bros.) substantially for the reasons set forth in Judge Lane's opinion reported at 154 N.J. Super. 75. We also affirm the judgment of the Law Division in A-1385-77 (Culp) for the reasons expressed by Judge Lane in his unreported oral opinion.