COLD INDIAN SPRINGS CORP., A NEW JERSEY CORPORATION; MIDDLEBROOK AT MONMOUTH, INC., A NEW JERSEY CORPORATION; WOODMERE AT EATONTOWN, INC., A NEW JERSEY CORPORATION; WOODSHIRE APARTMENTS, A NEW JERSEY PARTNERSHIP; RALEIGH CORPORATION, A NEW JERSEY CORPORATION; CONTINENTAL ENTERPRISES, A NEW JERSEY PARTNERSHIP; CONTINENTAL LAND DEVELOPERS, INC., A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS, v. TOWNSHIP OF OCEAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND MARTIN BAILEY, TAX COLLECTOR OF THE TOWNSHIP OF OCEAN, DEFENDANTS-RESPONDENTS, AND FRANK LINZMAYER AND EILEEN L. YOUMANS, ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF TENANTS IN BUILDINGS INVOLVED IN THIS ACTION, INTERVENING DEFENDANTS-COUNTERCLAIMANTS-RESPONDENTS, AND DIRECTOR, DIVISION OF LOCAL GOVERNMENT SERVICES, INTERVENOR-RESPONDENT.

HALSTON BUILDERS ASSOCIATES, A PARTNERSHIP, DOING BUSINESS AS CYPRUS GARDENS, DONALD LEGOW, GERALD LEGOW, AND SARA ANN SANDERS, A PARTNERSHIP, DOING BUSINESS AS WINGATE APARTMENTS, LALOR GARDENS, A PARTNERSHIP, KUSER VILLAGE, A PARTNERSHIP, DOING BUSINESS AS KUSER VILLAGE APARTMENTS, THE ROCAR COMPANY, A NEW JERSEY CORPORATION, DOING BUSINESS AS MORVEN VILLAGE, GEORGE H. SANDS AND CARL GEIGER, DOING BUSINESS AS PRINCETON COURT AND KLOCKNER WOODS, WINDING BROOK ASSOCIATES, A PARTNERSHIP, DOING BUSINESS AS WINDING BROOK APARTMENTS, EAGLE ROCK ASSOCIATES, A PARTNERSHIP DOING BUSINESS AS EAGLE ROCK APARTMENTS, HAMILTONIAN ASSOCIATES, A PARTNERSHIP, DOING BUSINESS AS HAMILTON APARTMENTS, 3201 ASSOCIATES, A PARTNERSHIP, DOING BUSINESS AS YORKSHIRE APARTMENTS, AND CHARLES ROTUNDA, JOSEPH ROTUNDA, LOUIS ROTUNDA, RONALD ROTUNDA, JOYCE CAMPANELLA AND MARY APPLEGATE, A PARTNERSHIP, DOING BUSINESS AS VICTORIA APARTMENTS, PLAINTIFFS-APPELLANTS, v. PAUL R. KRAMER, AS TAX COLLECTOR FOR HAMILTON TOWNSHIP, DEFENDANT-RESPONDENT, AND DIRECTOR, DIVISION OF LOCAL GOVERNMENT SERVICES, INTERVENOR-RESPONDENT, AND FRANK LINZMAYER AND EILEEN

L. YOUMANS, ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF TENANTS IN BUILDINGS INVOLVED IN THIS ACTION, INTERVENING DEFENDANTS-COUNTERCLAIMANTS-RESPONDENTS.

JOHN F. CULP, III, T/A J.D.R. REALTY COMPANY, PLAINTIFF, v. TOWNSHIP OF MATAWAN ET AL., DEFENDANTS.

CHARLES LUPPINO AND ROSARIO LUPPINO, T/A HAMPSHIRE HOUSE, AND BRUCE SLATER, T/A BIARRITZ APARTMENTS, PLAINTIFFS-APPELLANTS, v. BOROUGH OF FORT LEE, DOROTHY PAGANO, TAX COLLECTOR, BOROUGH OF FORT LEE AND FORT LEE RENT LEVELING BOARD, DEFENDANTS-RESPONDENTS, AND FRANK LINZMAYER AND EILEEN L. YOUMANS, ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF TENANTS IN BUILDINGS INVOLVED IN THIS ACTION, INTERVENING DEFENDANTS-COUNTERCLAIMANTS-RESPONDENTS.

INGANAMORT BROS. AND LA SALA BROS., T/A MEDITERRANEAN TOWERS WEST, PLAINTIFFS-APPELLANTS, v. DOROTHY PAGANO, AS TAX COLLECTOR FOR THE BOROUGH OF FORT LEE, DEFENDANT-RESPONDENT, AND FRANK LINZMAYER AND EILEEN L. YOUMANS, ON BEHALF OF THEMSELVES AND AS REPRESENTATIVES OF TENANTS IN BUILDINGS INVOLVED IN THIS ACTION, INTERVENING DEFENDANTS-COUNTERCLAIMANTS-RESPONDENTS.

Argued October 23, 1979—Decided January 24, 1980.

Mr. *Murray J. Laulicht* argued the cause for appellants Halston Builders Associates, *et al.* (*Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher*, attorneys; *Mr. Murray J. Laulicht* and *Mr. Gregory B. Reilly*, on the brief).

Mr. *Sheppard A. Guryan* argued the cause for appellants Cold Indian Springs Corp., *et al.* (*Messrs. Lasser, Lasser, Sarokin & Hochman*, attorneys).

Mr. *Todd M. Sahner* argued the cause for appellants Inganamort Bros., *et al.* (*Messrs. Hannoch, Weisman, Stern & Besser*, attorneys).

Mr. *Brian T. Campion* argued the cause for appellants Charles Luppino, *et al.* (*Messrs. Breslin* and *Breslin*, attorneys).

Mr. *Harry Z. Haushalter*, Deputy Attorney General, argued the cause for respondent Director, Division of Local Government Services (*Mr. John J. Degnan*, Attorney General of New Jersey, attorney; *Mr. Stephen Skillman*, Assistant Attorney General, of counsel).

Mr. *Louis B. Youmans* argued the cause for respondents Frank Linzmayer, *et al.* (*Messers. Bendit, Weinstock & Sharbaugh*, attorneys).

*Mr. Dennis M. Crawford* argued the cause for respondents Township of Ocean, etc., *et al.* (*Messrs. Shaefer, Crawford & Hirsch*, attorneys).

*Mr. Gordon L. Braverman* argued the cause for respondents Borough of Fort Lee, *et al.* (*Messrs. Murphy, Ellis & McBride*, attorneys).

*Ms. Renée C. Ricciardelli* argued the cause for respondent Paul R. Kramer, etc.

The opinion of the court was delivered by

SULLIVAN, J.

The four appeals herein (three filed as of right and one on leave granted) involve the interpretation of the Tenants' Property Tax Rebate Act (the act), *N.J.S.A.* 54:4–6.2 *et seq.* Also presented are attacks on the constitutionality of one of the act's provisions. The appeals had been consolidated by the Appellate Division which filed an opinion interpreting the act, and upholding its provisions. 161 *N.J.Super.* 586 (1978).

The act, passed in 1976, is social legislation and constitutes a form of economic regulation. It is based on the legislative recognition that rent levels for qualified real rental property[1]

---

[1]Qualified real rental property is defined as

. . . any real property containing a mobile home park or two or more spaces which are rented or leased or offered for rent or leased for occupancy by mobile homes, or any building or structure or complex of buildings or structures in which housing units are rented or leased or offered for rental or lease for residential purposes except hotels, motels or other guesthouses serving transient or seasonal guests, residents or a residential cooperative or mutual housing corporation who are entitled to a homestead rebate pursuant to section 1 of P.L.1976, c. 72 (C. 54:4–3.80), and owner-occupied structures of three units or less. [*N.J.S.A.* 54:4–6.-3(a)]

anticipate the tax burden on the rental property. Accordingly, when there is a reduction in that burden, the act requires that the property owner share the reduction with his tenants. As originally enacted, *L.*1976, *c.* 63, the act applied to the amount of property tax reduction attributable solely to the State aid received during a tax period from the State Aid for Schools Fund established in *N.J.S.A.* 54A:9–25. However, in 1977 (*L.*1977, *c.* 81), the definition of property tax reduction subject to the rebate provisions of the act was amended. It now reads:

> "Property tax reduction" means 0.65 times the difference between the amount of property tax paid or payable in any year on any qualified real rental property, exclusive of improvements not included in the assessment on the real property for the base year, and the amount of property tax paid in the base year, but such calculations for the property tax reduction shall exclude reductions resulting from judgments entered by county boards of taxation, the Division of Tax Appeals in the Department of the Treasury, or by courts of competent jurisdiction. "Property tax reduction" shall also include 0.65 times any rebate or refund of school property taxes which may be provided pursuant to P.L.1976, c. 113. "Property tax reduction" shall not include any amount in excess of that which is identified herein. Any such amount shall be retained by the property owner. [*N.J.S.A.* 54:4–6.3(b)]

The base year established by the above amendment is 1976.[2] *N.J.S.A.* 54:4–6.3(c). Reductions resulting from judgments entered by county boards of taxation, the Director of Tax Appeals[3] or by courts of competent jurisdiction are excluded from calculations for the property tax reduction. *N.J.S.A.* 54:4–6.3(b).

Section 6.5 of the act provides that commencing with the tax year 1977 and each year thereafter the municipal tax collector, when he prepares the property tax bills, shall compute the

---

[2]If the property is first rented after 1976, "the calendar year in which it is first offered for rent" is the base year. *N.J.S.A.* 54:4–6.3(c).

[3]As of July 1, 1979 the jurisdiction of the Division of Tax Appeals was vested in the Tax Court of New Jersey. *N.J.S.A.* 2A:3A–1, *et seq.*

amount of property tax reduction for each property owner of qualified real rental property and shall notify him of the amount of such reduction and of his obligations under the act. Section 6.6 established a formula for computation of the tax rebate for each tenant. Section 6.7 provides for payment or credit of the tax rebate to each tenant in residence at the time of each rent payment. Under section 6.11 a property owner who fails to provide a tenant with a tax rebate due under the act becomes liable for twice the amount of the rebate or $100, whichever is greater.[4]

The Director of the Division of Local Government Services is empowered to adopt rules and regulations for the efficient administration and implementation of the purposes and provisions of the act. *N.J.S.A.* 54:4–6.10. Pursuant thereto regulations have been duly promulgated by the Director. *N.J.A.C.* 5:30–16.1 to –16.11.

The basic facts in each appeal are similar and are not in dispute. In *Cold Indian Springs* the plaintiffs are owners of qualified real rental property located in the Township of Ocean. The plaintiffs in *Halston Builders* own similar property located in Hamilton Township. The *Luppino* and *Inganamort* appeals involve similar property located in the Borough of Fort Lee.

In each of these municipalities municipal-wide revaluations were adopted in 1977 which resulted in substantial reductions of the 1977 tax assessments on plaintiffs' properties in relation to the 1976 assessments. The tax collector in each municipality used the revaluation assessments to compute the amount of property tax reduction for 1977. Plaintiffs were then notified of the amounts of such reductions and of their obligations under the act. The present suits followed.

---

[4]In *Cold Indian Springs* the intervening tenants filed a counterclaim seeking double recovery. However, prior thereto the trial court had issued an order which stayed plaintiffs' obligations under the act.

Plaintiffs' primary challenge is addressed to the act's provision which exclude from the calculation for the property tax reduction those reductions resulting from tax appeal judgments but not those reductions resulting from municipal-wide revaluations of property. As noted, plaintiffs received substantial property tax reductions in 1977 as a result of municipal-wide revaluations. They therefore argue that the exclusion of one and not the other is arbitrary, lacks any rational basis and denies them due process and equal protection of the law. Impairment of preexisting contractual rights is also charged.

Additionally, in *Luppino*, an appeal was taken from the 1976 base year assessment and a reduction ultimately obtained on November 15, 1978. In calculating the amount of the 1979 rebate as to that property, the collector used the original 1976 assessment as the basis for computation. In their brief filed with this Court, the *Luppino* plaintiffs contend that the property tax reduction for 1979 should be recalculated using the reduced assessment for 1976 as the base. They argue that, aside from the primary challenge heretofore mentioned, the base year assessment used to calculate the amount of property tax reduction in a given year should be the assessment as finally fixed by tax appeal judgment.

In his *Cold Indian Springs* decision, the trial judge rejected plaintiffs' primary challenge and upheld the constitutionality of the act in its inclusion of property tax reductions resulting from municipal-wide revaluations in the tax rebate calculations.[5] 154 *N.J.Super.* 75 (Law Div.1977). In *Halston Builders, Luppino* and

---

[5]In *Chesterfield Associates, Inc. v. Township of Freehold*, another rebate case decided jointly with *Cold Indian Springs*, the trial judge, in considering a tax appeal reduction in the 1976 base year, held that "reductions resulting from tax appeals as enumerated in the statute should be subtracted from the difference between the base year and the year from which the reduction is determined." 154 *N.J.Super.* at 98. While *Chesterfield Associates* is not before us on appeal, we disapprove of this method of calculation.

*Inganamort,* however, the trial courts held that property tax reductions resulting from revaluations also must be excluded from the tax rebate calculations if the constitutionality of the act were to be upheld. The Appellate Division, after consolidating the four appeals, affirmed the *Cold Indian Springs* ruling and reversed the judgments in *Halston Builders, Luppino* and *Inganamort.*

The principal contention of plaintiffs is that the act is arbitrary as well as discriminatory in requiring that reductions in taxes resulting from municipal-wide revaluations of property be included in the rebate payable under the act when, if the same reductions had been obtained by tax appeal judgments, they would be excluded. Plaintiffs argue that the exclusion of one and not the other denies them due process and equal protection of the law. Since the act constitutes a form of economic regulation and does not involve a suspect classification or a fundamental right, strict judicial scrutiny is not appropriate in determining the act's constitutionality. *San Antonio School District v. Rodriguez,* 411 *U.S.* 1, 40–41, 93 *S.Ct.* 1278, 1300–01, 36 *L.Ed.2d* 16, 47–48 (1973). Instead, the appropriate test is whether the act has "a reasonable relation to a proper legislative purpose." *Nebbia v. New York,* 291 *U.S.* 502, 537, 54 *S.Ct.* 505, 516, 78 *L.Ed.* 940, 957 (1934); *New Orleans v. Dukes,* 427 *U.S.* 297, 303–304, 96 *S.Ct.* 2513, 2516–17, 49 *L.Ed.2d* 511, 516–517 (1976).

The act does not have the broad sweep attributed to it by plaintiffs. It does exclude from the *calculations* for the property tax reduction in a rebate year, reductions in assessments for that year resulting from tax appeal judgments. Accordingly, for the tax year or years in which the appeal is pending, any reduction would be excluded from the computation. However, assessments for subsequent tax years would reflect the reduction obtained by the tax appeal judgment and to that extent such reductions would be subject to the rebate provisions of the act. The reason for the legislative plan is one of practicality.

Tax bills must be prepared and delivered to the taxpayer at least 47 days prior to August 1 of the tax year. *N.J.S.A.* 54:4–64. The act directs the tax collector, when he prepares the tax bills, to compute the amount of property tax reduction for each owner of qualified real rental property and to inform each owner of the amount of the reduction and his obligations under the act. Obviously, in making such computation the tax collector must use current assessment figures. The Legislature did not provide for subsequent adjustments of the rebate calculations at a later time (sometimes years later) in the event that tax appeal judgments either reduce or increase the amount of a landlord's property tax. Since the act requires that the rebate be calculated and paid or credited in the current tax year, obviously tax appeal judgments and the contingencies inherent therewith must be excluded from the calculation.

■ Since it appears that the distinction drawn by the Legislature has a rational basis and is not "palpably arbitrary," *Allied Stores of Ohio v. Bowers*, 358 *U.S.* 522, 527, 79 *S.Ct.* 437, 441, 3 *L.Ed.* 480, 485 (1959), plaintiffs have not been denied due process or equal protection of the law. Plaintiffs' claim that the rebate provision of the act unconstitutionally impairs preexisting contractual agreements is also lacking in merit for the same reasons since restrictions imposed on contractual rights under the police power will be sustained unless they are shown to be arbitrary. *El Paso v. Simmons*, 379 *U.S.* 497, 507–508, 85 *S.Ct.* 577, 583–584, 13 *L.Ed.*2d 446, 453–454 (1965); *Brookchester v. Ligham*, 17 *N.J.* 460, 467 (1955).

■ Plaintiffs also argue that subjecting tax reductions based on revaluation to the act results in the tenants getting a windfall since they receive a rebate on something they never paid. However, this argument fails to consider the legislative recognition of the fact that rent levels invariably anticipate the landlord's tax burden. When that burden is reduced, the rent paid by the tenant should reflect that reduction, either by a rent adjustment or rebate. That is what the act provides. To the

extent that a municipal rent leveling ordinance also would require a reduction in rent in this kind of situation, the State act would, of course, control to avoid double benefit to the tenant. *N.J.A.C.* 5:30–16.9.

█ The argument that the base year assessment used in calculating the amount of property tax reduction should be the assessment as reduced by tax appeal judgment is also lacking in merit. However, once the base year tax appeal is finally determined, the reduced assessment is to be used thereafter in calculating a property tax reduction in a given year.

As noted, tax appeals frequently take years before final adjudication. In the meantime, leases terminate, tenants move and even ownership changes. Were the tenants' tax rebate to depend on the final outcome of tax appeals involving the base year assessment, it would mean that either the tenants would get nothing until final tax appeal judgment or, the rebate received would be subject to recalculation, and years later they might be called upon to repay some or all of the rebate. This would frustrate a primary purpose of the act which is to give tenants prompt and certain relief in their rent-paying obligations. Moreover, exclusion of a base year tax appeal reduction from the calculation except on a prospective basis ordinarily will result in the tenants sharing in that reduction.

█ Our conclusion is that the provision of the act, which excludes a reduction in the amount of property tax resulting from tax appeal judgments from the calculations for the property tax reduction, applies not only to the year for which the reduction is calculated but also to the base year in the manner heretofore indicated. The judgment of the Appellate Division is affirmed. However, we supplement it by our additional ruling that the calculation of the property tax reduction in *Luppino* for 1979 must use as a base the 1976 taxes as reduced by the November 15, 1978 tax appeal judgment.

*For affirmance*—Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and POLLOCK—5.

*For reversal*—None.