181 N.J. Super. 100 (1981)
436 A.2d 939
HILLTOP ASSOCIATES, A PARTNERSHIP; TRAFALGAR ASSOCIATES, A PARTNERSHIP; PARKWOOD ASSOCIATES, A PARTNERSHIP, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND COUNCIL OF THE TOWNSHIP OF EDISON; TOWNSHIP OF EDISON, A MUNICIPAL CORPORATION; RENTAL CONTROL BOARD OF EDISON TOWNSHIP; EDISON TOWNSHIP TENANTS' ASSOCIATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1981.
Decided October 13, 1981.
*101 Before Judges BOTTER, ANTELL and FURMAN.
Sheppard A. Guryan argued the cause for appellants (Lasser, Hochman, Marcus, Guryan & Kuskin, attorneys).
Peter A. DeSarno argued the cause for respondents Mayor and Council of the Township of Edison and Township of Edison.
Michael F. Lombardi argued the cause for respondent Rental Control Board of Edison Township (Lombardi & Lombardi, attorneys).
James A. Tarella argued the cause for respondent Edison Township Tenants' Association (Tarella & Liftman, attorneys).
The opinion of the court was delivered by FURMAN, J.A.D.
Plaintiffs appeal from a Law Division judgment sustaining the validity of § 55-9 of the Edison Township rent control ordinance, which provides that a landlord must rebate to his tenants 100% of his tax reduction as the result of a successful tax appeal, after deducting reasonable expenses of the appeal. At issue before us is whether, as plaintiffs urge, that ordinance provision is in conflict with the Tenants' Property Tax Rebate Act, N.J.S.A. 54:4-6.2 et seq., and thus barred as unenforceable because of state legislative preemption. See e.g., Brunetti v. New Milford, 68 N.J. 576, 601 (1975).
*102 The Tenants' Property Tax Rebate Act was enacted in 1976, providing for rebates to tenants upon a tax reduction attributable to state aid received from the State Aid for Schools Fund established in N.J.S.A. 54A:9-25. The act was broadened by a subsequent amendment, L. 1977, c. 81, to mandate rebates to tenants upon any tax reduction, whether as the result of state aid or otherwise, below the tax paid in the base year, 1976, except a tax reduction as the result of a judgment in a successful tax appeal. N.J.S.A. 54:4-6.3(b) defines tax reduction for purposes of the act as follows:
"Property tax reduction" means 0.65 times the difference between the amount of property tax paid or payable in any year on any qualified real rental property, exclusive of improvements not included in the assessment on the real property for the base year, and the amount of property tax paid in the base year, but such calculations for the property tax reduction shall exclude reductions resulting from judgments entered by county boards of taxation, the Division of Tax Appeals in the Department of the Treasury, or by courts of competent jurisdiction. "Property tax reduction" shall also include 0.65 times any rebate or refund of school property taxes which may be provided pursuant to P.L. 1976, c. 113. "Property tax reduction" shall not include any amount in excess of that which is identified herein. Any such amount shall be retained by the property owner.
The Supreme Court upheld the constitutionality of N.J.S.A. 54:4-6.3(b) in Cold Indian Springs Corp. v. Ocean Tp., 81 N.J. 502 (1980). In consolidated actions landlords, who had been compelled under the act to grant rebates in accordance with tax reductions resulting from municipal-wide revaluations, urged that the act was discriminatory in violation of equal protection of the law because it excluded tax reductions resulting from tax appeal judgments. That challenge was rejected.
Justice Sullivan's opinion for the Supreme Court states:
The reason for the legislative plan is one of practicality. Tax bills must be prepared and delivered to the taxpayer at least 47 days prior to August 1 of the tax year. N.J.S.A. 54:4-64. The act directs the tax collector, when he prepares the tax bills, to compute the amount of property tax reduction for each owner of qualified real rental property and to inform each owner of the amount of the reduction and his obligations under the act. Obviously, in making such computation the tax collector must use current assessment figures. The Legislature did not provide for subsequent adjustments of the rebate calculations at a later time (sometimes years later) in the event that tax appeal judgments either reduce or increase the amount of a landlord's property tax. Since the act requires that the *103 rebate be calculated and paid or credited in the current tax year, obviously tax appeal judgments and the contingencies inherent therewith must be excluded from the calculation. [at 511-512]
The Edison Township rent control ordinance under attack on the appeal before us provides for tax surcharges upon increases in property taxes; tax surcharges are billed to tenants but are not part of rent. At oral argument we were advised that, following a tax reduction as the result of a successful tax appeal, any tax surcharge would be reduced in that amount in the ensuing tax year. That protection to tenants is in addition to the requirement under § 55-9 that landlords rebate to tenants 100% of such tax reduction less reasonable expenses, that is, refund that amount to tenants from the tax surcharge previously collected from them. The municipal legislative scheme is that tenants are surcharged 100% of tax increases and receive the benefit of 100% of net tax reductions resulting from tax appeal judgments.
Preceding the Tenants' Property Tax Rebate Act, the Supreme Court in Inganamort v. Fort Lee, 62 N.J. 521 (1973), upheld the constitutionality of a rent control ordinance which imposed the obligation on landlords to rebate to tenants 50% of tax reductions as the result of successful tax appeals. See trial court opinion at 120 N.J. Super. 286, 301 (Law Div. 1972).
The Tenants' Property Tax Rebate Act, as amended, does not govern tax reductions except those reducing the tax below that assessed in the base year, 1976. For example, if a municipal-wide revaluation in 1981 results in a tax reduction below the tax assessed in 1977, but above that assessed in 1976, the act is inapplicable. The act, thus, has a limited future effect. Predominantly, it was a legislative response to the inequity to tenants, who otherwise derived no benefit from property tax reductions below the 1976 level resulting from state school aid contributions under N.J.S.A. 54A:9-25.
Plaintiffs argue, nevertheless, that the Legislature enacted the Tenants' Property Tax Rebate Act as a general enactment preempting the legislative subject of rebates to tenants following tax reductions and barring municipalities from providing for *104 rebates to tenants by ordinance, including rebates following tax reductions as the result of tax appeal judgments, which are not within the definition of "property tax reduction" in the act. Plaintiffs urge such preemption into the indefinite future, although tax reductions below the level of the base year 1976 will decreasingly occur.
Plaintiffs' preemption argument is premised on a legislative intent to encourage landlords to pursue tax appeals. According to plaintiffs, if landlords were compelled to rebate tax reductions resulting from successful tax appeals, they would lack financial incentive to pursue them and, contrary to public policy, inequitable tax assessments would not be corrected through the tax appeal process.
To reinforce this argument, plaintiffs point to the Edison Township ordinance under challenge. Landlords must rebate to tenants 100% of net tax reductions less reasonable expenses and thus may lack financial incentive to pursue tax appeals, a chilling effect which, as plaintiffs urge, the Legislature sought to avert by legislative preemption.
Plaintiffs do not argue that the ordinance requirement of a 100% rebate unreasonably and invalidly interferes with the legislative purpose of encouraging tax appeals, whereas a rebate requirement of 65% or 50% might be reasonable and valid. Their argument is, rather, that the Legislature foresaw the danger of just such municipal enactments as the one under challenge, nullifying all financial incentive for tax appeals by landlords, and, accordingly preempted the legislative subject of tenants' property tax rebates. But this argument overlooks the financial incentive to landlords to correct excessive assessments through tax appeals in order to maintain their competitive position by reducing rents comparably.
There is no express conflict between the Tenants' Property Tax Rebate Act and the Edison Township ordinance under challenge. The act provides for tenants' rebates following tax reductions in the current tax year, excluding tax reductions as the result of successful tax appeals for reasons of practicality, *105 according to Cold Indian Springs. The ordinance provides for tenants' rebates following tax reductions as the result of successful tax appeals. Plaintiffs' preemption argument hinges upon the assumption that the Legislature by its enactment barred municipalities into the indefinite future from providing for any rebates to tenants in accordance with tax appeal judgments, without restriction on the municipal authority to impose tax surcharges against tenants in the full amount of property tax increases.
We discern no legislative intent to provide a complete system of law in the Tenants' Property Tax Rebate Act to govern all tenants' rebates following tax reductions or to preclude municipalities from providing for tenants' rebates following tax reductions as the result of successful tax appeals. We conclude that the ordinance provision under challenge is not barred as unenforceable because of state legislative preemption.
We affirm the judgment below without prejudice to plaintiffs' right in future litigation to challenge § 55-9 of the Edison Township rent control ordinance on the ground that the ordinance requirement of 100% rebate unreasonably and invalidly inhibits tax appeals and insulates tax assessments, an issue not raised in the litigation on appeal before us. We do not retain jurisdiction.