James Gregory **JONES**, Petitioner,

v.

**SUPERINTENDENT OF RAHWAY STATE PRISON**, Respondent.

**No. Civ. 82–3081 (§ 2254).***

United States District Court,
D. New Jersey.

Sept. 21, 1982.

* Affirmed on other grounds, 1/6/84, # 83–5277,    CA–3.

James Gregory Jones, pro se.

## MEMORANDUM

BIUNNO, Senior District Judge.

James Gregory Jones has filed a petition under 28 U.S.C. § 2254 challenging the judgment of conviction entered in Superior Court of New Jersey on November 24, 1976, under authority of which he is now in custody in Rahway State Prison.

The petition sets out two grounds. One ground is that there was no probable cause for his arrest, as a consequence of which he claims that no evidence obtained as a result of the arrest was admissible against him.

The second ground is that by reason of the refusal of a resentencing panel to reduce his life sentence for murder, in light of the sentence of 28 to 30 years for mur- der imposed on his co-defendant, he has been denied due process and equal protection under the Fourteenth Amendment.

The claim on the first ground, assuming it to be of a federal nature, is an unexhausted claim and so the petition must be dismissed without considering the merits. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The lack of exhaustion is due to the fact that, after modification and affirmance of the conviction as modified, on the direct appeal to the Superior Court, Appellate Division, Jones sought direct review in the Supreme Court of New Jersey by petition for certification, allowance of which is discretionary, without taking an appeal of right on the alleged federal constitutional ground. See *Herring v. Fenton,* 531 F.Supp. 937 (D.N.J., 1981).

The claim on the second ground, despite the reference to due process and equal protection, is a State law claim, not a federal claim. Jones refers to *State v. Hubbard,* 176 N.J.Super. 174, 422 A.2d 471 (Res.Pan.1980), but ignores *State v. Maguire,* 176 N.J.Super. 164, 422 A.2d 466 (Res.Pan.1980), which was reversed by the Supreme Court of New Jersey, 84 N.J. 508, 423 A.2d 294 (1980). As those decisions make clear, the question was one of legislative intention in the enactment of NJSA 2C:1–1 d(2), as part of the New Jersey Code of Criminal Justice (1979), which provides for resentencing consideration in specified cases for persons sentenced under pre-existing law. The Supreme Court decision in *Maguire* is that a defendant convicted of first-degree murder and sentenced to mandatory life imprisonment is not entitled to reconsideration for possible reduction of sentence. This ground is one not coming within § 2254. In addition, the petition fails to indicate that any appeal was taken from the May 6, 1981 denial of Jones' motion by the Resentencing Panel.

A separate order of dismissal is entered.