James Gregory JONES, Appellant,

v.

SUPERINTENDENT OF RAHWAY STATE PRISON and The Attorney General of the State of New Jersey, Appellees.

No. 83–5277.

United States Court of Appeals, Third Circuit.

Argued Nov. 28, 1983.

Decided Jan. 6, 1984.

Lawrence W. Saltzman (argued), Kaplan, Saltzman, O'Malley & Catanese, Trenton, N.J., for James Gregory Jones.

George L. Schneider, Essex County Prosecutor, Virginia T. Fiocca, Asst. Prosecutor (argued), Marc J. Friedman, Asst. Prosecutor, Newark, N.J., for appellees.

Before GIBBONS and SLOVITER, Circuit Judges, and CALDWELL, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

James Gregory Jones appeals from an order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254(b) (1976). *Jones v. Superintendent,* 576 F.Supp. 4 (D.N.J.1982). Jones is incarcerated by the State of New Jersey under a life sentence imposed following his conviction of murder in connection with a bank robbery. The district judge, relying on his own opinion in *United States ex rel. Herring v. Fenton,* 531 F.Supp. 937 (D.N.J.1981) dismissed the petition for failure to exhaust available state remedies. We expressly disapprove of that ground of decision, and of the holding in *United States ex rel. Herring v. Fenton.* Nevertheless, we affirm the denial of habeas corpus relief because the petition does not state a claim for which habeas corpus relief is available.

### I.

Jones' habeas corpus petitions assert two grounds for habeas corpus relief. The first ground is that his confession, and all other evidence used at his trial, should have been excluded as the fruits of an unlawful arrest made without probable cause. The second is that the failure to resentence him, in light of the disparity of sentence between him and a co-defendant, violated due process and equal protection.

The trial court did not consider the merits of either contention. The court noted that both had been presented to the Supreme Court of New Jersey, following the affirmance of Jones' conviction by the Appellate Division of the Superior Court, in a petition for certification filed pursuant to N.J.Ct.R. 2:12–3. Under that Rule the State Supreme Court has unlimited discretion to entertain certified appeals. N.J.Ct.R. 2:12–4. The trial court pointed, however, to N.J. Ct.R. 2:2–1, which provides for an appeal of right to the Supreme Court "in cases determined by the Appellate Division involving a substantial question arising under the Constitution of the United States . . . ." Relying on his opinion in *United States ex rel. Herring v. Fenton, supra,* the trial judge concluded that Jones' failure to file an appeal pursuant to N.J.Ct.R. 2:2–1 was a failure to exhaust available state remedies within the meaning of 28 U.S.C. § 2254(b).

The designation of the application to the Supreme Court of New Jersey as an appeal does not, however, require that court to engage in a more comprehensive review than is afforded to petitions for certification. That court's practice, like that of the Supreme Court of the United States, is to dismiss insubstantial appeals summarily. Compare, *e.g., Zucht v. King,* 260 U.S. 174, 176, 43 S.Ct. 24, 25, 67 L.Ed. 194 (1922), *with Piscataway Assoc., Inc. v. Township of Piscataway,* 73 N.J. 546, 549, 376 A.2d 527 (1977). Indeed, the New Jersey rule governing dispositions of simultaneous petitions for certification and appeal provides that a denial of certification shall be deemed a summary dismissal of the appeal. N.J.Ct.R. 2:12–9. That rule is similar to 28 U.S.C. § 2103 (1976). Thus the petition for certification tendered Jones' federal claims to the New Jersey Supreme Court in a manner which in no way inhibited that Court's consideration of them.

*Hon. William W. Caldwell, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

■ The exhaustion requirement in 28 U.S.C. § 2254(b) is a twentieth century codification of a post-reconstruction doctrine. *See Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886). Its justification is the comity said to be due from federal to state courts with respect to the initial consideration of federal constitutional claims. *See Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 95 (3d Cir.), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1977). The purpose of the codified rule is fully accomplished when the state courts have had an "opportunity to pass upon and correct" alleged violations of prisoners' federal constitutional rights. *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). *See, e.g., Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1983) (per curiam); *Rachel v. Bordenkircher,* 590 F.2d 200, 203 (6th Cir.1978) (no more required for exhaustion than that state court have a fair opportunity to consider constitutional claim). One such opportunity is sufficient. *E.g., United States ex rel. Mancini v. Rundle,* 337 F.2d 268, 272 (3d Cir.1964); *In re Thompson's Petition,* 301 F.2d 659, 660 (3d Cir.1962). Moreover, the highest state court's failure, having been afforded such opportunity, to make an explicit ruling on the federal constitutional issue is no bar to habeas corpus relief. *See, e.g., Smith v. Digmon,* 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978) (per curiam); *United States ex rel. Turner v. Rundle,* 438 F.2d 839, 845 (3d Cir.1971); *United States ex rel. Montgomery v. Brierly,* 414 F.2d 552, 556 (3d Cir.), *cert. denied,* 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1969).

Thus the court's holding in *United States ex rel. Herring v. Fenton,* 531 F.Supp. 937, 946 (D.N.J.1981) is unsupportable, and the court's reliance on that case as precedent here was error.

**II.**

Since the ground on which the trial court relied in dismissing the petition for habeas corpus cannot support that dismissal we would ordinarily remand for further proceedings. There is, however, a systemic interest in the prompt and final disposition of the merits of claims for relief in habeas corpus petitions.[1] Both of Jones' claims have been presented to the highest court of New Jersey, and should, if possible be disposed of on the merits without further delay. We conclude that they may be.

*A. The suppression of evidence claim*

■ Jones' first contention is that his confession, and all other evidence admitted at his trial, should have been suppressed as the fruit of his illegal arrest. He makes no contention that the confession was involuntary, or was obtained in the absence of *Miranda* warnings. Thus no fifth amendment issue is presented. The claim rests entirely upon the fourth amendment, as interpreted in *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1975); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); and *Traub v. Connecticut,* 374 U.S. 493, 83 S.Ct. 1899, 10 L.Ed.2d 1048 (1963).

In *Cardwell v. Taylor,* —— U.S. ——, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983) (per curiam) the Supreme Court held that consideration of a claim that evidence admitted at trial was the fruit of an illegal arrest could not be considered on a habeas corpus petition so long as the state courts had afforded a full and fair opportunity to litigate that claim. The court remanded for further consideration of a voluntariness claim, but held that the *Dunaway-Wong Sun* claim was barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). *Cardwell v. Taylor* controls. Thus Jones' first contention is not one which a habeas corpus court may consider.

*B. The disparate sentence claim*

■ Jones also contends that the state court was required by New Jersey law to reconsider his life sentence in light of the

---

1. *But cf. Rose v. Lundy,* 455 U.S. 509, 102 S.Ct.    1198, 71 L.Ed.2d 379 (1982).

shorter sentence given to the co-defendant Curtis Trent. If New Jersey law so provides, that presents a possible error of state law. Such an error is not cognizable under 28 U.S.C. § 2241. The contention that gross disparity in sentences violates due process or equal protection lacks merit. *See Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). Jones makes no contention that the disparity in sentencing was the result of discrimination based on race, sex, or similar grounds which would implicate the federal constitution. *Compare Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). Nor is there support for Jones' assertion that the fourteenth amendment confers a due process right to the correct determination of issues of state law.

### III.

Since neither of Jones' claims set forth any basis for the grant of habeas corpus relief the judgment dismissing his petition will be affirmed, although not for the reasons relied upon by the trial court.