OPINION OF THE COURT
PER CURIAM.
Anthony Mahoney appeals from the District Court’s denial of the petition for a writ of habeas corpus he filed pursuant to 28 U.S.C. § 2254. For the following reasons we will affirm.
I
In 1998 Clark and Barbara Ferry hired Mahoney to represent them with respect to an automobile accident in which their son had been killed.[1] In January 1999 the offending driver’s insurance carrier advised the Ferrys that the case had been settled for $75,000 and that they had mailed to Mahoney a check in that amount, made out to “Clark Ferry & Barbara Ferry ... and Mahoney & Mahoney.” When the Ferrys repeatedly asked Mahoney when they would receive their portion of the settlement, he advised them that he was awaiting certain tax releases. Eventually the Ferrys obtained a copy of the check, on the back of which they found three signatures, two purporting to be the Ferrys’ and one on behalf of Mahoney & Mahoney. Suspicious, the Ferrys contacted the Westfield, New Jersey, Police Department and the Union County Prosecutor.
Mahoney was eventually convicted in the Superior Court, Law Division, Union County, of various crimes, including third degree theft, third degree misapplication *370 of entrusted property, and two counts of third degree forgery. The court sentenced Mahoney to two concurrent three-year terms of probation. During sentencing Mahoney applied unsuccessfully for entrance into the Pre-Trial Intervention (PTI) program. The Appellate Division affirmed the denial of Mahoney’s PTI application, but reversed Mahoney’s convictions based on the trial court’s exclusion of defense witness testimony concerning Ma-honey’s character traits as an attorney, failure to instruct the jury on how to use Rule 1:21-6 (setting forth an attorney’s record keeping and trust fund accounting obligations), and allowing improper statements by the prosecutor during summation. State v. Mahoney, 376 N.J.Super. 63, 868 A.2d 1171 (N.J.Super.A.D.2005). The New Jersey Supreme Court agreed that failure to instruct the jury how to apply Rule 1:21-6 was error, but held that the trial court’s limitation on the testimony of character witnesses was proper and that the prosecutor’s statements did not deny Mahoney a fair trial. Accordingly, the court affirmed in part, reversed in part, reinstated Mahoney’s forgery convictions, and remanded for a new trial on the counts of the indictment charging Mahoney with third degree theft and third degree misapplication of entrusted property. State v. Mahoney, 188 N.J. 359, 908 A.2d 162 (2006). Those two counts were subsequently dismissed.
While still on probation,[2] in July 2006 Mahoney filed a § 2254 habeas corpus petition in the United States District Court for the District of New Jersey raising three claims:
1.The trial court violated Mahoney’s rights under the Equal Protection and Due Process clauses when it denied him admission into the PTI program.
2. The trial court’s restrictions on Ma-honey’s attempts to introduce evidence concerning marital infidelity and related issues violated his rights under the Sixth Amendment’s Confrontation Clause.
3. The trial court’s limitations on testimony from Mahoney’s character witnesses precluded him from using his professional character as a defense, in violation of his right to Due Process.
The District Court concluded that Maho-ney’s petition was “mixed.” Although Ma-honey exhausted Claim 1 in state court, he presented Claims 2 and 3 in state court solely in terms of state law; as a result, Claims 2 and 3 are unexhausted. Because AEDPA’s statute of limitations had already run, the District Court considered “staying and abeying” Mahoney’s petition to allow him to return to state court to exhaust Claims 2 and 3 under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), rather than dismissing the petition without prejudice under Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The court declined to do so, however, because it determined that none of Mahoney’s claims had merit. See Rhines, 544 U.S. at 277, 125 S.Ct. 1528 (“[T]he district court would abuse its discretion if it were to grant ... a stay when [petitioner’s] unexhausted claims are plainly meritless.”). Accordingly, the court denied Mahoney’s petition and declined to issue a certificate of appealability.
Mahoney filed a timely notice of appeal. We granted his request for a cei'tificate of appealability for the question whether the District Court should have stayed his petition or dismissed it without prejudice instead of denying it. We have jurisdiction *371 under 28 U.S.C. §§ 1291 and 2253(c), and review the District Court’s decision not to stay for abuse of discretion. Rhines, 544 U.S. at 277-78, 125 S.Ct. 1528; Crews v. Horn, 360 F.3d 146, 149 (3d Cir.2004).
II
Faced with Mahoney’s “mixed”[3] petition, the District Court had four options: dismiss the petition without prejudice under Rose, “stay and abey” under Rhines, allow Mahoney to delete his unexhausted claims, see Rhines, 544 U.S. at 278, 125 S.Ct. 1528, or, if all of his claims are meritless, deny the petition under § 2254(b)(2) (allowing denial of a petition on the merits “notwithstanding the failure of the applicant to exhaust ... ”).
As the District Court explained, the expiration of AEDPA’s statute of limitations made the first option unattractive, and thus triggered consideration of the second. However, a court may not “stay and abey” without first determining that “there was good cause for the petitioner’s failure to exhaust his claims ... in state court.” Id. at 277, 125 S.Ct. 1528. Even though our order granting Mahoney’s request for a certificate of appealability cited Rhines, Mahoney has failed to address the issue of good cause at all, let alone make the requisite showing. For that reason alone, we cannot conclude that the District Court abused its discretion in declining to stay the petition and we need not reach the merits of Claims 2 and 3.
Ill
As for Claim 1, Mahoney argues that the prosecutor’s reasons for denying his application to participate in the PTI program — primarily because his crime was a “breach of the public trust” — are without basis because he is an attorney in private practice, not a public employee. Moreover, he was eminently qualified to participate for various reasons, including the facts that he had no prior record and paid the Ferrys in full five months before the prosecutor filed a criminal complaint. Ma-honey concedes that the Appellate Division upheld denial of his admission to the PTI program based on abuse of public trust, but claims that another panel of the same court reached the opposite conclusion. He relies on the fact that public employees, including attorneys, have been admitted to the program to support his contention that denial of his application amounted to a violation of his right to equal protection.
Although he invokes the Equal Protection and Due Process clauses, Mahoney is effectively challenging the prosecutor’s and two state courts’[4] determinations that he was properly barred from the PTI program.[5] But such rulings on matters of *372 state law are subject to collateral review in federal habeas corpus proceedings only in extraordinary circumstances. Lambert v. Blackwell, 387 F.3d 210, 239 n. 24 (3d Cir.2004).
We perceive no extraordinary circumstances here. Assuming arguendo that a violation of the Equal Protection Clause would warrant such review (and, indeed, that a challenge to a PTI ruling is cognizable in § 2254 in the first place), Mahoney has not set forth a fleshed-out equal protection argument; he merely complains of disparate treatment, which is insufficient. He does not allege or even imply that he has been discriminated against on the basis of a suspect classification such as race or gender; nor has he shown that there was no rational basis for the disparate treatment he alleges. See United States v. Armstrong, 517 U.S. 456, 465-468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (setting forth standard for selective prosecution claims); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir.1984) (addressing equal protection challenge to an allegedly disparate sentence); United States v. Roberts, 915 F.2d 889, 891 (4th Cir.1990) (same).
IV
Unpersuaded by any of Mahoney’s remaining arguments, we will AFFIRM the Order of the District Court.

. Because we write primarily for the parties, who are familiar with the background of this case, we will omit details which are not directly relevant to our disposition of the appeal. For background details, see State v. Mahoney, 188 N.J. 359, 908 A.2d 162 (2006).

. A District Court lacks jurisdiction to entertain a habeas corpus petition if the petitioner was not "in custody” under the conviction he is attacking when he filed his petition. 28 U.S.C. § 2254(a); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir.2003). Being on probation satisfies this custody requirement. Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.2004).

. We agree with the District Court that Maho-ney did not exhaust Claims 2 and 3. Mahoney effectively concedes in his opening brief that he did not exhaust those claims, only to assert in his reply brief that he exhausted Claim 2: he raised it as a federal claim before the Appellate Division and again in his Cross Petition for Certification to the New Jersey Supreme Court. However, the passages in the Appendix cited by Mahoney with regard to his Cross Petition plainly concern Claim 1, not Claim 2. See app. 147-150. Either way, the petition remains mixed.

. The Appellate Division provided an exhaustive analysis of the issue in upholding the decision to exclude Mahoney from the program. See State v. Mahoney, 376 N.J.Super. 63, 868 A.2d 1171, 1188-92 (N.J.Super.A.D.2005), affirmed in part and reversed in part on other grounds, State v. Mahoney, 188 N.J. 359, 908 A.2d 162 (2006).

.To support his contention that the Appellate Division has been inconsistent in applying the "public trust” exception to the PTI program, Mahoney relies on State v. Mason, 355 N.J.Super. 296, 810 A.2d 88 (N.J.Super.A.D.2002). That decision, however, concerns the definition of "public servant” in the context of the crime of "official misconduct,” N.J.S.A. 2C:30-2, and makes no mention of the "public trust” exception to the PTI program.