UNITED STATES of America, Appellee,

v.

Joseph PALMA, Appellant.

No. 84–5446.

United States Court of Appeals,
Third Circuit.

Argued Feb. 5, 1985.

Decided April 16, 1985.

Joseph T. Wright, Jr. (Argued), McHale & Clark, Scranton, Pa., for appellant.

David Dart Queen, U.S. Atty., Robert J. Nolan (Argued), Asst. U.S. Atty., Scranton, Pa., for appellee.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

In this appeal Joseph Palma challenges the constitutionality of the restitution provisions of the Victim and Witness Protection Act of 1982 (the "VWPA"). 18 U.S.C. §§ 3579 and 3580 (1982). While Palma pled guilty to criminal charges and does not contest the validity of the plea on appeal, he appeals from the sentence to the extent that it orders restitution pursuant to the VWPA. Jurisdiction for this appeal exists pursuant to 28 U.S.C. § 1291 (1982).

I.

On March 26, 1984, Palma pled guilty to charges of embezzling a substantial sum of money from his employer, the Old Forge Bank of Old Forge, Pennsylvania (the "Bank"), in violation of 18 U.S.C. § 656 (1982). To assist the district court in imposing a sentence, the probation service of the court conducted a presentence investigation. The presentence report, in accordance with Rule 32(c) of the Federal Rules of Criminal Procedure, contained information pertaining to the degree of harm sustained by the Bank. The report also contained an analysis of Palma's financial circumstances and included a financial statement submitted by Palma.

The report indicated that the Bank had sustained losses in the amount of $1,581,-200, that it was insured for losses resulting from embezzlement, and that the insurance policy carried a $10,000 deductible. Palma's financial statement revealed that he had a certificate of deposit with the Bank for approximately $79,000, and had accrued benefits in an employee profit sharing plan in excess of $30,000.

Palma and his attorney were afforded an opportunity to review the presentence report prior to sentencing. At the sentencing hearing, Palma presented witnesses who testified as to his good character and his reputation as a hard-working and loving family man. Mrs. Palma testified that her husband had been employed with the Bank for a period of twelve years and had been making approximately $300 per week in his last year of employment. She also testified that in 1983, Palma had opened a small grocery store. On cross-examination, Mrs. Palma testified that she was aware that her husband gambled and that she would sometimes accompany him to Atlantic City where they were treated like a king and queen. Palma did not testify in his own behalf.

At the close of Palma's presentation of witnesses, the attorneys for each side were permitted to make statements to the court.

Palma's counsel stated, without contradiction from the Government, that Palma admitted to having misappropriated the $1,521,200, but claimed to have gambled away the entire sum. The attorney then argued that given Palma's present net worth and future earning capacity, it would be impossible for him to repay the entire amount embezzled.

The district court sentenced Palma to five years imprisonment and ordered him to pay a fine of $5,000. Although the court expressed some doubt about Palma's ability to repay the full amount in question, it further directed that

> [p]ursuant to the Victim and Witness Protection Act of 1982 as a special condition of parole the defendant is ordered to make restitution to the [Bank] in the sum of $1,581,200 in such installments that shall be not later than five years after the end of the term of imprisonment previously imposed.

App. at 39. Subsequently, Palma moved to have the restitution provisions of the VWPA declared unconstitutional. The district court denied the motion, and Palma appealed.

## II.

Palma reasserts his constitutional challenge on appeal. In the alternative, he contends that the district court abused its discretion in ordering him to make restitution of the full amount embezzled. We will address Palma's constitutional arguments first. In so doing, we note that at least five other circuits have upheld the restitution provisions of the VWPA against similar constitutional challenges. *See United States v. Keith*, 754 F.2d 1388 (9th Cir. 1985); *United States v. Watchman*, 749 F.2d 616 (10th Cir.1984); *United States v. Brown*, 744 F.2d 905 (2d Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984); *United States v. Satterfield*, 743 F.2d 827 (11th Cir.1984); *United States v. Florence*, 741 F.2d 1066 (8th Cir.1984).

### A. *Due Process*

■ Palma contends that the restitution provisions of the VWPA violate his Fifth Amendment right to due process of law. A criminal defendant must be afforded some degree of due process at a sentencing proceeding. *See Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). However, the same degree of due process protection need not be afforded during the sentencing phase of a criminal proceeding as would be required at trial. *United States v. Davis*, 710 F.2d 104, 106 (3d Cir. 1983) (only minimal due process protection required at sentencing).

Palma argues that the procedures for ordering restitution are constitutionally inadequate because they do not provide for a meaningful opportunity to challenge a victim's claim for restitution. He maintains that a criminal defendant will be "chilled" from objecting to restitution at the sentencing hearing out of fear that any such objection may jeopardize his opportunity for a more lenient sentence.

■ It is well-settled in the procedural due process context that "[a] party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." *County Court of Ulster County v. Allen*, 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223–24, 60 L.Ed.2d 777 (1979). We need not hypothesize whether a different defendant under a different set of facts might feel constrained from contesting a potential restitution award and whether the statute as applied in that context would be constitutionally impermissible. Instead, we limit our inquiry into the constitutionality of the VWPA as applied to the particular facts of this case.

■ At the sentencing hearing, Palma was afforded, and indeed took advantage of, the opportunity to present witnesses in support of his factual claims. He does not contend that this opportunity to be heard was in any way inadequate. Given this set of facts we cannot say that Palma's due process rights have been violated.

■ Palma further contends that the VWPA violates due process because it im-

properly requires the sentencing judge to determine complex issues regarding the amount of damages. Essentially he maintains that the district court judge is not equipped, in the context of a sentencing proceeding, to resolve complicated damages disputes. This contention must likewise fail when evaluated in light of the present case. Since Palma admitted to having taken the entire $1,581,200, there were no complex issues of damages here. For the foregoing reasons, we do not believe that the imposition of restitution by the district court denied Palma due process of law.

B. *Equal Protection*

■ Two arguments are presented in support of Palma's contention that the VWPA violates the equal protection component of the Fifth Amendment. First, Palma contends that the VWPA lacks ascertainable standards to guide the district court in determining the amount of restitution, if any, to award in a particular case. The absence of ascertainable standards, he argues, will result in widely disparate sentences among criminal defendants. The Eleventh Circuit specifically addressed this contention, reasoning that "disparate treatment of similarly situated individuals at sentencing is not constitutionally impermissible." *United States v. Satterfield*, 743 F.2d at 841. Thus, even assuming that Palma's contention is a correct one, "[t]he likelihood of disparate awards provides no basis for invalidating the statute." *Id.* at 842.

■ We agree with the Eleventh Circuit that a district court judge must be given considerable discretion in determining the appropriate sentence for a convicted offender. *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970); *United States v. Garcia*, 544 F.2d 681, 685 (3d Cir.1976). Application of the restitution provisions of the VWPA will invariably result in some sentencing disparity since the statute authorizes the sentencing judge to consider the particular losses sustained by the victim and the financial circumstances of the defendant. *See* 18

U.S.C. § 3580(a). The individualized focus of the VWPA necessitates the exercise of judicial discretion in the sentencing process. So long as this discretion is properly exercised, however, the mere disparity in sentences under the VWPA does not offend equal protection. *See Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 43 (3d Cir.1984) (no equal protection violation where there was no contention that sentencing disparity was the result of discrimination based on race, sex or similar grounds).

Palma's second equal protection challenge deals with section 3579(g) of the VWPA which provides:

> If [a] defendant is placed on probation or paroled under this title, any restitution ordered under this section shall be a condition of such probation or parole. The court may revoke probation and the Parole Commission may revoke parole if the defendant fails to comply with such order. In determining whether to revoke probation or parole, the court or Parole Commission shall consider the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

18 U.S.C. § 3579(g). Palma contends that this provision is unconstitutional in light of the Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). In *Bearden*, the Supreme Court set forth two criteria that must be satisfied before a court may revoke an individual's probation for failure to pay a fine or make restitution. First, the court must determine whether the probationer has made a bona fide effort to meet his or her financial obligation. Second, if the probationer has made such an effort and is still unable to pay, the court must consider whether there exist alternative measures to punish the probationer. "Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona

fide efforts to pay." *Id.* at 672, 103 S.Ct. at 2073.

█ Admittedly, section 3579(g), which was enacted prior to the Court's decision in *Bearden,* does not specifically embody the second of the *Bearden* criteria. Nevertheless, we do not believe that this factor renders the restitution provisions of the VWPA constitutionally deficient. The statute can, and indeed should, be construed in a constitutional manner. *See International Association of Machinists v. Street,* 367 U.S. 740, 749, 81 S.Ct. 1784, 1790, 6 L.Ed.2d 1141 (1961) ("Federal statutes are to be so construed as to avoid serious doubt of their constitutionality."). Nothing in the statute would prohibit the court or Parole Commission from considering the availability of alternative methods of punishment in its revocation decision. Because such a consideration is constitutionally required under *Bearden,* we conclude that before the probation or parole of a defendant who has in good faith attempted to comply with a restitution order may be revoked, the court or the Parole Commission must consider whether alternative punishment measures are available. *United States v. Satterfield,* 743 F.2d at 842–43. Since we have determined that the statute can be construed and applied in a constitutional manner, Palma's equal protection argument must fail.

### C. Seventh Amendment

The Seventh Amendment preserves the right to a trial by jury "[i]n suits at common law, where the value in controversy shall exceed twenty dollars...." U.S. Const. amend. VII. Palma asserts that section 3579(h) of the VWPA, which provides for civil enforcement of a restitution order, transforms that order into a civil judgment. Because that judgment is entered without the right to a jury determination of liability or amount, he argues that the VWPA violates his Seventh Amendment rights.

To date, five courts of appeals have considered this contention and all have rejected it. *See United States v. Keith,* 754 F.2d at 1391–92 (9th Cir.) *United States v. Watchman,* 749 F.2d at 617 (10th Cir.); *United States v. Brown,* 744 F.2d at 908–11 (2nd Cir.); *United States v. Satterfield,* 743 F.2d at 836–39 (11th Cir.); *United States v. Florence,* 741 F.2d at 1067–68 (8th Cir.). These courts have uniformly held that an order of restitution imposed under the VWPA is a criminal, rather than civil, penalty.

█ We find ourselves in agreement with the analysis set forth in these courts of appeals opinions. The legislative history amply demonstrates that Congress intended restitution to be an integral part of the sentencing process. *See* S.Rep. No. 97–532, 97th Cong., 2d Sess. 30–33, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2536–39. Moreover, as the Second Circuit observed in *Brown,* the procedures for imposing restitution differ in several material respects from a traditional civil proceeding. *United States v. Brown,* 744 F.2d at 910. For example, the victim is limited to recovering certain specified losses and is not made a party to the sentencing proceeding. Additionally, in ordering restitution, the court must consider the defendant's ability to pay, a factor that would normally be irrelevant in a civil adjudication. *See* 18 U.S.C. § 3580(a).

█ Finally, the fact that the VWPA accords collateral estoppel effects to the elements of the criminal offense, *see* 18 U.S.C. § 3580(e), does not convert the criminal sentence into a civil judgment. The VWPA merely codifies the general rule that a criminal conviction may be accorded collateral estoppel effect as to some issues raised in a subsequent civil suit. *See generally* 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.418[1] (2d ed. 1984). It does not expand the collateral estoppel effect of a criminal conviction. Thus, for example, section 3580(e) "would not apply to those facts supporting the restitution order—*e.g.,* the extent and nature of the victim's injury or the value of damaged property—that were not part of the essential allegations underlying the criminal conviction." *United States v. Sat-*

*terfield,* 743 F.2d at 838. We therefore hold that the restitution provisions of the VWPA are not subject to the jury trial guarantee of the Seventh Amendment.

### D. *Abuse of Discretion*

We next address Palma's contention that the district court abused its discretion in ordering him to make full restitution of the $1,581,200 that he admittedly embezzled from the Bank. Palma argues that the district court's action was improper because Palma lacks the financial means to fulfill this obligation within the five year period contemplated by the order.

Section 3580 outlines the procedures for issuing an order of restitution. In determining whether to order restitution, the court

> shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

18 U.S.C. § 3580(a). The attorney for the Government has the burden of demonstrating by a preponderance of the evidence the amount of loss sustained by a victim. 18 U.S.C. § 3580(d). The defendant has the burden of demonstrating, also by a preponderance of the evidence, his financial needs and resources. *Id.* The VWPA does not explicitly require that the district court make findings of fact in this context, although it does provide that "[a]ny dispute as to the amount or type of restitution shall be resolved by the court by a preponderance of the evidence." *Id.*

 Because the district court did not clearly state whether Palma had or had not satisfied his burden of demonstrating his inability to make full restitution, it is impossible for us to determine whether the court properly exercised its discretion in this case. On the one hand, we may infer from the district court's decision to order full restitution that it did not find Palma's financial statement to be accurate or, more likely, that it did not find his story that he

had lost the money gambling to be credible. On the other hand, the district court's statements at the sentencing hearing suggest that it agreed with Palma's counsel that full restitution was "very unrealistic." App. at 39.

 This case has again demonstrated the importance of the district court's making findings of fact to facilitate meaningful appellate review of its discretionary ruling in this context. *See United States v. Criden,* 648 F.2d 814, 819 (3d Cir.1981). For this reason, we will invoke our supervisory power to require district courts in the future to make specific findings as to the factual issues that are relevant to the application of the restitution provisions of the VWPA. *See United States v. Novak,* 715 F.2d 810, 820 (3d Cir.1983) (exercising supervisory power to require specific findings as to the reasonableness of extended exclusions for pretrial motions under the Speedy Trial Act).

With respect to the instant action, we will vacate the judgment of sentence and remand the case to permit the district court to make the appropriate factual findings and to resentence Palma. In this connection, we note that upon remand the district court should comply with the provisions of section 3579(e)(1) which provides:

> The court shall not impose restitution with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation....

18 U.S.C. § 3579(e)(1).

### III.

The order of the district court denying Palma's motion to declare unconstitutional sections 3579 and 3580 of the Victim and Witness Protection Act will be affirmed. The judgment of sentence will be vacated and the case will be remanded for further proceedings consistent with this opinion.