FINDINGS OF FACT AND CONCLUSIONS OF LAW

KATZ, District Judge.
AND NOW, this 17th day of May, 1994, following a hearing, the court makes the following findings of fact and conclusions of law.
1. This court’s judgment and commitment order of May 26, 1989 directed:
On Count 3 defendant is committed to the custody of the Attorney General or his duly authorized representative for imprisonment for a term of EIGHTEEN MONTHS.
On Count 2 defendant shall pay a fine to the United States of $10,000.00 (TEN THOUSAND DOLLARS). Sentence of imprisonment is suspended and defendant is placed on probation for a term of five years on the special conditions that he pay the fine, restitution to Philadelphia Nation Bank of $94,085.25 (NINETY-FOUR THOUSAND, EIGHTY-FIVE DOLLARS AND TWENTY-FIVE CENTS), the special assessment of $100.00 (ONE HUNDRED DOLLARS) on such terms as the *693 probation office determines he is able and that the defendant shall make no direct contact with any witness or the family, associates or friends of any witness.[1]
2. On March 15, 1994, upon petition from the United States Probation Office (the “Probation Office”), the court ordered a probation revocation hearing pursuant to Fed. R.Crim.P. 32.1 to determine whether Mr. Schwartz’ conduct with regard to his financial condition and his efforts to satisfy his fine and restitution obligations violated his probation. A hearing was held April 6,1994. At that hearing Mr. Schwartz elected to proceed pro se and the court appointed the Defender Association of Philadelphia, Federal Court Division, to act as stand-by counsel for Mr. Schwartz. After entertaining the parties’ opening statements the court continued the hearing to May 17, 1994 to provide the defendant and the government the opportunity to refine their respective positions in order to foster (a) clear communication between Mr. Schwartz and the Probation Office, and (b) efficient presentation at the hearing scheduled for May 17, 1994. After the April 6, 1994 hearing, Mr. Schwartz retained Gavin Lentz, Esq. as counsel. Mr. Lentz entered his appearance on May 10, 1994 and represented Mr. Schwartz at the May 17, 1994 hearing.
3. On April 7, 1994 the Probation Office dispatched a letter to Mr. Schwartz detailing the Probation Office’s position with regard to Mr. Schwartz’ ability to pay his fine and restitution obligations. That letter stated in pertinent part:
2. On or about June 11, 1993, you received notification from Prudential that you were to receive a civil judgment in the amount of $99,530.60. On or about June 28, 1993, Check No. 359090, in the amount of $99,530.60 was forwarded to you. On or about July 1, 1993, you endorsed said check. While you claim that Ms. Dorsey “liened” against this settlement in the amount of $60,000, this “lien” was an actual stipulation entered and signed by you and Ms. Dorsey [on] or about June 11, 1993. This “lien” in effect would be secondary to the judgment entered against you at your sentencing on May 26, 1989. In addition, you failed to notify the United States Probation Office on or about June 11, 1993, of your knowledge that you were to receive these funds. Your notification of July 22, 1993, was approximately 21 days after you endorsed and received the Prudential check and more than 30 days past the date in which you were notified of this settlement. This information was retrieved from the- documentation that you drafted in the Prothonotary’s office in the Montgomery County Courthouse.
3. On or about August 4, 1993, in the civil action of Schwartz et al v. Spataeco et al an agreement was reached in which you were a party to receiving $45,000,000 no later than August 10, 1993. Your signature, as well as, that of your mother’s appear[s] on the order of the court in the Civil Division of the Philadelphia Court of Common Pleas, and is found under Dockets 90-10-4853, and 9008-0292. In addition, you faded to report this additional income on your monthly report.
As stated previously, we have determined that you have the ability to pay your fine and restitution in full based on this new financial information.
The letter also instructed Mr. Schwartz to pay his fine and restitution obligations in full no later than 4:30 PM, Monday, May 2,1994. Mr. Schwartz did not comply with this instruction.
4. Currently, there is an outstanding balance due and owing for restitution in excess of $61,000 and a fine due and owing, to the United States in the amount of $10,000.
5. On or about June 28th 1993, Steven Schwartz received a check for $99,530.60 from Prudential Securities. Govt.Ex. 4. That cheek was endorsed by Mr. Schwartz and deposited in a bank account in the joint names of his mother, Ms. llene Schwartz, and his girlfriend, Ms. Peggy Dorsey (the “Meridian Joint Account”). Govt.Ex. 4. Mr. Schwartz is thirty-seven years old, lives with his mother and is “employed” by her. Mr. Schwartz’ and his mother’s finances and lives are intertwined. Mr. Schwartz had control *694 over his mother’s brokerage account into which some of the funds from the Prudential securities arbitration were diverted. Govt. Exs. 15c, 15d and 15e. Mr. Schwartz contrived with his mother and Ms. Dorsey to conceal his funds from the Prudential Securities arbitration award in the Meridian Joint Account in order to evade payment of his fine and restitution obligations. See United States v. McGill, 964 F.2d 222, 230 (3d Cir. 1992) (affirmative acts of evasion of payment of taxes include: placing assets in the name of others; dealing in currency; causing receipts to be paid through and in the name of others; and causing debts to be paid through and in the name of others).
6. On or about June 11th 1993, Mr. Schwartz and Ms. Dorsey, contrived a scheme to evade payment of the fine and restitution by stipulating to the entry of judgment in favor of Ms. Dorsey and against Mr. Schwartz in the amount of $60,000 in the Montgomery County Court of Common Pleas. Govt.Ex. 5; McGill, 964 F.2d at 230.
7. On or about June 16th 1993, Mr. Schwartz and Ms. Dorsey contrived to fabricate the records of the Montgomery County Court of Common Pleas for the purposes of evading payment of the fine and restitution.
8. On or about July 1993, a probation officer instructed Mr. Schwartz to submit an accounting of funds derived from the Prudential Securities arbitration award. Defendant falsely told his probation officer that all the money except $5,000 to $6,000 was disbursed. Defendant falsely reported that the fee of the attorney who represented him in the arbitration proceeding and the Dorsey “hen” exhausted the remainder of the funds.
9. On or about November 17, 1993, the Probation Office received and forwarded to the court a copy of a complaint filed by Mr. Schwartz in the Court of Common Pleas of Philadelphia County, August Term 1993, No. 4269, under penalties relating to unsworn falsifications (18 Pa.C.S. § 4904), in which he alleged in Paragraphs 22 and 23 as follows:
22. On or about June 11, 1993, the National Association of Security Dealers, through John J. Jordan, Esquire, issued an award in favor of Plaintiff STEVEN SCHWARTZ and against Defendants PRUDENTIAL SECURITIES and JOSEPH P. MORRIS in the amount of $99,-530.60 and those Defendants were also ordered to pay forum fees in the amount of $20,850.00
23. Within thirty (30) days of the award, Defendant PRUDENTIAL SECURITIES paid said sum to Plaintiff STEVEN SCHWARTZ.
Order of December 7, 1993 (filed as Document 137).
10. On January 13, 1994, Mr. Schwartz falsely answered the probation officer’s inquiry regarding the funds derived from the Prudential Securities arbitration award by claiming that Ms. Dorsey “liened upon Prudential Securities.” In fact, there was no such lien upon Prudential Securities. Rather, Prudential Securities paid the award to Mr. Schwartz directly. This falsehood was an attempt to implement his scheme with Ms. Dorsey to evade payment of his fine and restitution obligations.
11. On February 4, 1994, in response to the Probation Office’s further inquiry for an accounting of those funds, Mr. Schwartz again falsely and misleadingly claimed that:
Ms. Peggy Dorsey has a judgment for approximately $60,000 which she liened upon Prudential Securities. This left approximately $39,500.00.
In fact, the Ms. Peggy Dorsey “judgment” was an agreed contrivance between Mr. Schwartz and Ms. Dorsey and there was no lien upon Prudential.
12. Mr. Schwartz paid the attorney who represented him in the arbitration against Prudential Securities approximately $40,000. Govt. Ex. lib.
13. Mr. Schwartz controlled the balance of the Prudential Securities arbitration award ($99,530.60—$40,000) of $59,530.60, a fact that he purposely concealed from the probation officer, to evade his fine and restitution obligations. The proffered breakdown by the defendant’s lawyer in the Prudential securities arbitration reflects the fake Dorsey “lien”.
14. On or about August 4,1993, in a. state court civil action (Schwartz, et al. v. Spatac- *695 co, et al.) an agreement was reached pursuant to which the defendant and his mother, as plaintiffs, received $45,000.00 no later than August 10, 1993. The defendant’s signature and Ms. Schwartz’ signature appear on the order of the court in the Civil Division of the Philadelphia Court of Common Pleas under Dockets 90-10-4853 and 89-08-0292. The defendant concealed receipt of this money from the Probation Office. The funds were deposited in the Meridian Joint Account to evade payment of his fine and restitution obligations. Part of the scheme of evasion was to have the funds payable to the defendant’s mother “on behalf of the plaintiffs”. The Spataeco matter shows defendant’s intent to conceal the arbitration proceeds.
15. No alternative measures exists to deal with the willful failure of defendant to pay his fine and restitution when he had the resources to do so.
16. Mr. Schwartz sought to avoid an obligation to obtain full-time employment by trying, unsuccessfully, to persuade the court that the fine and restitution obligations would be better served by allowing him to work on his various personal litigations, including the Prudential matter, from which he made the recovery. See Memorandum with Respect to Defendant Schwartz’s Conditions of Probation (filed as Document 128) and the court’s Order of October 8, 1991 denying his request from being relieved of the standard conditions of probation.
17. Defendant’s payments of $100 per month from his employment for his mother are not bona fide efforts to pay the fine and restitution, but rather are attempts to evade such payment.
18. The proposals submitted by the defendant for resolution of the matter were not submitted in good faith. The proposal regarding restitution was an effort to delay the hearing. The proposal which was set forth in the motion seeking continuance of the hearing brazenly ignored payment of the fine in an effort to prolong the proceedings for the purpose of evading payment of the defendant’s obligations.
19. The reason for defendant’s failure to apply the $59,530.60 from the Prudential arbitration award and the $45,000.00 from the Spataeco settlement towards his fine and restitution was not an inability to pay, but rather a refusal based on subjective considerations of his own, namely to evade those obligations.
20. Defendant submitted a false accounting of the Prudential funds paid to him to the Probation Office in an effort to conceal the fact the he controlled and could have paid those funds towards his fine and restitution obligations when he was able to do so. If the defendant had timely furnished the Probation Office with a truthful accounting of those funds, the Probation Office would have determined him able to pay the fine and restitution. Defendant failed to account for the funds from the Spataeco settlement. If the defendant had furnished the Probation Office with a truthful report of these funds, the Probation Office would have reasonably determined him able to pay the fine and restitution. Defendant was, in fact, able to pay the fine and restitution when he controlled those funds in excess $100,000.00. As the Court of Appeals stated in U.S. v. Schwartz, 899 F.2d 243, 247 (3d Cir.1990):
In the circumstances of this case, if Schwartz did not depart from fundamental honesty, moral uprightness, fair play and candid dealing, then it is difficult to understand what conduct would constitute such a departure.
It is apparent that the defendant is continuing the same pattern of behavior which lead to his conviction for bank fraud in this case. Even if the defendant had dissipated the funds in excess of $100,000 which were in his control, his intentional falsifying and concealment of what was happening from his probation officers justifies the revocation.
21. Defendant has violated a General Condition of his probation by not following his probation officer’s instructions regarding disclosure of his financial condition and by falsifying information in response to the probation officer’s inquires.
22. Defendant has willfully refused to pay the fine and restitution ordered by this court as special conditions of his probation. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. *696 2064, 76 L.Ed.2d 221 (1983); U.S. v. Palma, 760 F.2d 475 (3d Cir.1985).

ORDER

AND NOW, this 17th day of May, 1994, it is hereby ORDERED that defendant is committed to the custody of the Attorney General for confinement in a jail-type institution for a period of six months. The execution of the remainder of the sentence is suspended and defendant is placed on probation following the term of confinement for the unexpired term of his previously imposed probation on the same terms and conditions as previously imposed.

. Restitution was reduced to $63,936.16 by Order of May 24, 1990.