**UNITED STATES of America**

v.

**Steven SCHWARTZ.**

**Crim. A. No. 88–00215–01.**

United States District Court,
E.D. Pennsylvania.

March 13, 1995.

---

Michael Levy, Asst. U.S. Atty., for U.S.

Sheldon Albert, Barrack, Rodos & Bacine, Peter Goldberger, Philadelphia, PA.

### ORDER & MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 13th day of March, 1995, upon consideration of defendant's Emergency Motion To Rescind The Order Issued Ex–Parte Commanding The Production Of Defendant's Records Maintained With The Division Of Gaming Enforcement and the government's response, it is hereby **ORDERED** that defendant's Motion is **DENIED** and the New Jersey Division of Gaming Enforcement shall deliver the records detailed in the court's Order of February 27, 1995 forthwith.

*Background*

The instant motion seeks rescission of the court's Order of February 27, 1995 (the "Gaming Order"), that directs the Division of Gaming Enforcement of the State of New Jersey to deliver to defendant's probation officer any records reflecting gaming activity by defendant for the period October 4, 1994 to February 27, 1995. The court issued the Gaming Order in response to the government's letter memorandum of February 22, 1995. Gaming Order at 2.[1] Defendant objects to the court's Gaming Order on three

---

1. Defendant's probation officer inquired of the court about obtaining defendant's New Jersey Gambling records. The court directed the pro- bation officer to the office of the United States Attorney for consultation and assistance.

grounds: (1) the *ex-parte* nature of the government's letter memorandum seeking the Gaming Order was inappropriate; (2) good cause was not shown for issuance of the Gaming Order; and (3) the Gaming Order is over-broad.[2] Def.'s Mot. ¶¶ 2, 3, 4.

In early April 1989, defendant was tried pursuant to a three count indictment for bank fraud. On April 14, 1989, the jury returned a verdict of guilty on two counts of bank fraud. On May 26, 1989, the court sentenced defendant as follows:

On Count 3 defendant is committed to the custody of the Attorney General or his duly authorized representative for imprisonment for a term of EIGHTEEN MONTHS.

On Count 2 defendant shall pay a fine to the United States of $10,000.00 (TEN THOUSAND DOLLARS). Sentence of imprisonment is suspended and defendant is placed on probation for a term of five years on the special conditions that he pay the fine, restitution to Philadelphia Nation Bank of $94,085.25 (NINETY–FOUR THOUSAND, EIGHTY–FIVE DOLLARS AND TWENTY–FIVE CENTS), the special assessment of $100.00 (ONE HUNDRED DOLLARS) on such terms as the probation office determines he is able and that the defendant shall make no direct contact with any witness or the family, associates or friends of any witness.

Judgment in a Criminal Case at 1.[3] On April 27, 1990, the Third Circuit affirmed defendant's conviction and sentence of incarceration to be followed by probation.

On March 15, 1994, upon petition from the United States Probation Office (the "Probation Office"), the court ordered a probation revocation hearing pursuant to Rule 32.1, Fed.R.Crim.P., to determine whether Mr. Schwartz' conduct with regard to the disclosure of his financial condition to his probation officer and his efforts to satisfy his fine and restitution obligations violated his probation. On May 17, 1994, the court concluded:

21. Defendant has violated a General Condition of his probation by not following his probation officer's instructions regarding disclosure of his financial condition and by falsifying information in response to the probation officer's inquires.

22. Defendant has willfully refused to pay the fine and restitution ordered by this court as special conditions of his probation. *See Bearden v. Georgia*, 461 U.S. 660 [103 S.Ct. 2064, 76 L.Ed.2d 221] (1983); *U.S. v. Palma*, 760 F.2d 475 (3d Cir.1985),

Findings of Fact and Conclusions of Law of May 18, 1994 (hereinafter "Findings") at 9, and sentenced defendant to six months incarceration to be followed by the unexpired term of his probation on the same terms and conditions as previously imposed. Order of May 18, 1994. On January 23, 1995, the Third Circuit affirmed the court's finding that defendant violated the conditions of his probation and the court's corresponding sentence. On April 6, 1994 defendant filed a motion attacking his conviction and sentence pursuant to 28 U.S.C. § 2255. Defendant supplemented this motion on June 1, 1994. By Order of September 9, 1994, the court denied the § 2255 motion. The Third Circuit has affirmed this Order.

*Analysis*

■ The court finds that it was not inappropriate for the government to request the Gaming Order on an *ex-parte* basis given the nature of the information sought and defendant's demonstrated tendency to ignore the conditions of his probation and obstruct any investigation regarding his compliance with such conditions. *See* Findings at 4–9. In addition, it is clear from the facts and circumstances surrounding defendant's probation and the narrow time specification on the records requested that good cause existed for the issuance of the Gaming Order and that the Gaming Order was not over-broad.

2. Defendant Schwartz also contends that the "request was made to defame and harass the defendant" and the "probation department's goal is to seek the incarceration of Steven Schwartz and not to supervise the defendant's probation." Def.'s Mot. ¶ 4.

3. Restitution was reduced to $63,936.16 by Order of May 24, 1990.

The conditions of defendant's probation include the requirements that he: (1) "not leave the judicial district without permission of the probation officer;" and (2) "follow the probation officer's instructions and report as directed." Judgment in a Criminal Case at 2. It is also a condition of defendant's probation that he make restitution in the amount of $63,963.16 "on such terms as the probation office determines he is able." Judgment in a Criminal Case at 1; Order of May 24, 1990.

 Given (1) these conditions, which prohibit defendant from traveling to New Jersey without the permission of his probation officer and require him to accurately apprise his probation officer of his financial status and his ability to make restitution; (2) defendant's demonstrated tendency to avoid these conditions, Findings at 8–9; (3) defendant's demonstrated propensity to cloud public records in order to camouflage his avoidance of the conditions of his probation, Findings at 4; (4) the probation office's duty to ensure a probationer's compliance with the conditions of his probation and apprise the court of any serious deviations therefrom, 18 U.S.C. § 3603;[4] and (5) the probation officer's reasonable belief that the information requested was necessary to perform his supervisory functions, the *ex-parte* nature of the government's request for the Gaming Order was not inappropriate. *Cf. Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987); *United States v. Hill*, 967 F.2d 902 (3d Cir.1992); *United States v. Giannetta*, 711 F.Supp. 1144 (D.Me.1989).

It is clear that good cause existed for the issuance of the Gaming Order. If the records sought place defendant at a New Jersey casino and he did not have the permission of his probation officer to travel out-side the Eastern District of Pennsylvania, a patent violation of defendant's probation will be shown. In addition, if the records sought show that defendant was risking large sums of money and in so doing he was avoiding the financial responsibilities of his probation, a violation of his probation may be shown.[5]

The records identified in the Gaming Order cover the approximately five month period from defendant's release from his 1994 six month incarceration for violating the conditions of his probation to the date of the Gaming Order. The request seeks only information related to defendant's conduct since the probation office resumed supervision in October of 1994. Thus, the request is not over-broad as it seeks only information related to defendant's conduct during his most recent period of supervision.

---

4. 18 U.S.C. § 3603 provides, in pertinent part:
A probation officer shall—
(2) keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of a probationer or a person on supervised release, who is under his supervision, and report his conduct and condition to the sentencing court . . .
(7) keep informed concerning the conduct, condition, and compliance with any condition of probation, including the payment of a fine or restitution of each probationer under his supervision and report thereon to the court placing such person on probation . . .

5. The court notes that New Jersey law provides:
Casino licensees . . . who accept cash or redeem chips or markers totalling $10,000.00 or more in a gaming day . . . shall at least once every 30 days report the identities and passport numbers of the persons offering the cash, chips or markers to the Division of Gaming Enforcement.
N.J.S.A. § 5:12–101.3.