

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2002

# USA v. Lund

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Lund" (2002). *2002 Decisions.* Paper 513.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/513

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos: 01-4007/4008
_____

UNITED STATES OF AMERICA

v.

EDWIN H. LUND,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00027)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
on May 1, 2002

Before: NYGAARD, ROTH
and WEIS, Circuit Judges

(Opinion filed:   August 16, 2002)

O P I N I O N

ROTH, Circuit Judge:
    Edwin H. Lund appeals the October 23, 2001 Judgment of the United States
District Court for the Western District of Pennsylvania sentencing him on counts of bank
fraud and giving fraudulent statements to the IRS.  In addition to providing terms of
imprisonment and supervised release, the Judgment orders Lund to pay restitution of
$3,146, 299.53 in accordance with a schedule.  Cf. Mandatory Victim Restitution Act of
1996 (the "MVRA"), 18 U.S.C.   3663A & 3664 (2002) (mandating that restitution
awards be imposed when sentencing defendants convicted of certain offenses).  Lund
alleges that the District Court made two reversible errors.  He first argues that the District

Court erred by refusing to make a downward departure to his sentence.  Second, Lund argues that the District Court erred by failing to consider his financial circumstances in setting the restitution payment schedule.  We will affirm the District Court's Judgment.

Because Lund alleges legal error, we have jurisdiction to review the District Court's refusal to grant a downward departure.  Compare United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996) ("We lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted.") with United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991) ("[W]e have jurisdiction to decide whether a sentencing court erred legally when not making a requested discretionary downward departure.").  We exercise plenary review over the District Court's construction of the Sentencing Guidelines.  See United States v. McBroom, 124 F.3d 533, 541 (3d Cir. 1997).

We have appellate jurisdiction to review the restitution payment schedule under 28 U.S.C. section 1291.  We review the appropriateness of a particular restitution award for an abuse of discretion.  See United States v. Crandon, 173 F.3d 122, 125 (3d Cir.), cert. denied, 528 U.S. 855 (1999).

We are unconvinced by Lund's first assignment of error.  Lund contends that he was eligible for a downward departure under Section 5K2.13 of the Sentencing Guidelines because he suffered a "significantly reduced mental capacity" when he committed the offenses for which he was sentenced.  United States Sentencing Commission, Guidelines Manual   5K2.13 (2001) (hereinafter "U.S.S.G.").  Although the District Court recognized its authority to grant a downward departure pursuant to Section 5K2.13, it declined to do so, reasoning that Lund did not suffer from such a reduced mental capacity.  Lund alleges that the District Court erred by applying an inaccurate definition of the term "significantly reduced mental capacity."  To the contrary, however, the District Court quoted the precise definition verbatim from the Sentencing Guidelines commentary when sentencing Lund.  See Appendix at 3 (quoting U.S.S.G.   5K2.13, cmt. n.1).  Accordingly, we hold that it did not misconstrue the Sentencing Guidelines in considering and refusing the Section 5K2.13 departure.

Lund's second assignment of error also lacks merit.  Lund concedes that the District Court was obligated to impose a restitution award pursuant to the MVRA.  See 18 U.S.C.   3663A & 3664.  Lund contends, however, that the District Court erred in calculating the specific restitution payment schedule by: (1) failing to make findings about his financial circumstances, and (2) declining to impose only "nominal periodic payments" pursuant to 18 U.S.C. section 3664(f)(3)(B).  We reject both contentions.

Although the District Court did not recite its particular findings during the sentencing hearing, the record establishes that it did consider Lund's financial circumstances as the MVRA required it to do.  Specifically, the District Court considered the presentence report, Lund's Position with respect to Sentencing Factors, and the oral argument of Lund's counsel at the sentencing hearing - each of which discussed the relevant factors set forth in the MVRA.  See Appendix at 53-57, 251-54.  Moreover, the Judgment explicitly adopts by reference the presentence report's factual findings and guideline applications - thereby giving us a basis on which to review the District Court's exercise of discretion.  See Appendix at 15.  See also  United States v. Palma, 760 F.2d 475, 480 (3d Cir. 1985) (requiring some factual findings to "facilitate meaningful appellate review").  Accordingly, we find no deficiency in the District Court's findings.

Lund's final contention - that the District Court abused its discretion by declining to award only "nominal periodic payments" - is likewise without merit.  The District Court's restitution payment schedule requires Lund to apply toward the restitution award fifty percent of any salary earned while in prison and ten percent of his gross monthly income earned during his supervised release.  The payment obligations are proportionate to Lund's future income and appear to be the product of the District Court's careful consideration.  Moreover, we are unconvinced by Lund's suggestions that the schedule is unfeasible.  Accordingly, we find no reason to disturb it.

For the foregoing reasons, we affirm the October 23, 2001 Judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/   Jane R. Roth
Circuit Judg